UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
DANIELLE FICKER,

Plaintiff,

**COMPLAINT**

-against-

23 Civ. 6841

VEOLIA NORTH AMERICA,

Defendant.
---------------------------------------------------------------

Plaintiff Danielle Ficker, through the undersigned counsel Michael D. Diederich, Jr., complains of the defendant Veolia North America as follows:

**Prefatory Statement**

This is an action for damages and injunctive relief against defendant Veolia North America ("Defendant") for its discriminatory termination of Plaintiff's employment, in violation of, *inter alia*, the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et. seq., and parallel New York State law.

**THE PARTIES**

1. Plaintiff Danielle Ficker is, and was at all times relevant herein, a citizen of the United States and a resident of the Town of Saddle Brook, County of Bergen, State of New Jersey.

2. Defendant Veolia North America (hereinafter "Defendant" or "Veolia"), upon information and belief, is and was at all times relevant herein a business corporation authorized to do business in the State of New York, with corporate offices located at 461 From Road, Ste. 400, Paramus, NJ 07652.

3. All events relevant herein took place at Veolia's facilities located in West Nyack,

New York.

4. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b).

## JURISDICTION AND VENUE ALLEGATIONS

5. This court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and under 28 U.S.C. § 1331 and § 1343(4).

6. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

**Overview**

7. Plaintiff Danielle Ficker is a woman with an ADA-qualifying disability – anxiety and depression - that Veolia refused to reasonably accommodate.

8. Plaintiff began working for Veolia's corporate predecessor in or around August 2007. Plaintiff's most recent position was Meter Changer.

9. Throughout her tenure at Veolia, Plaintiff observed systemic discrimination of women.

10. Women were held back from promotional opportunities and held to higher scrutiny than male employees.

11. Women are hired into the customer service department and are often forced to continue within that assignment despite interest or qualifications in other departments.

12. Women are targeted and retaliated against if they speak up about this behavior or making complaints of sex-based discrimination.

**Gender and Disability Discrimination and Reprisal**

13. In or around April 2022, Plaintiff was told to complete confined space training. At the training Plaintiff noticed that a vital piece of safety equipment – a retrieval device was not

being utilized. In previous confined space training activities, the importance of this piece of equipment was heavily stressed.

14. Plaintiff stated, to the male training officer, that she did not feel comfortable going into the space without the proper equipment. Plaintiff was then berated by the male training officer.

15. When similarly situated male employees questioned supervisors, they are not treated in this manner.

16. Plaintiff continued with the rest of the training but stated she was unwilling to go into the space without the equipment, because this might trigger in her an anxiety attack (panic attack).

17. After this training, Defendant allowed Plaintiff to stay in her position for two weeks.

18. After two weeks, Defendant sent Plaintiff to another training. Plaintiff explained to her direct supervisor, who was a male, that she was not comfortable entering the confined space without a retrieval device and did not want to attend training. Again (as the male supervisor had been informed), Plaintiff's discomfort was the risk of her having an anxiety attack (or "panic attack") based upon her pre-existing mental health condition (known to Defendant).

19. Plaintiff's direct supervisor told her that it was not his call to make.

20. Plaintiff attended the training. At the training, Plaintiff was told that she had to go into the confined space again without proper equipment. Plaintiff refused.

21. Plaintiff observed that the male employees were allowed to use their own equipment (harnesses) when entering the confined space. Plaintiff was not allowed (or given such), adding to her psychological anxiety.

22. Plaintiff was notified that because she did not complete the training she would not be allowed to continue in her position.

23. Plaintiff was then moved to a menial (and demeaning) position. Defendant put Plaintiff in what was known as the "fishbowl," or the front desk. She had no access to computers or any substantive responsibilities (she could not even be considered a receptionist or "greeter" as almost all people who entered the office spoke Spanish and Plaintiff only speaks English). Plaintiff was placed there so everyone could see that she had been demoted in job status (if not rate of pay).

24. This appeared to be an intimidation tactic designed to humiliate Plaintiff and to coerce her to resign.

25. Multiple other male employees from the transmission and distribution departments were scheduled for the same training, shortly after Plaintiff's trainaing.

26. Upon information and belief, they all refused to go into the confined space without the proper equipment. Instead of criticizing the men, the training officer canceled and rescheduled the training when safety equipment was available to use.

27. Plaintiff offered to do the training with a harness from a nearby fire department. Defendant would not let her use her own harness because they said they could not verify it was proper equipment. In contrast to how Plaintiff (a woman) was treated, Defendant allowed the male employees use their own harnesses.

28. Plaintiff's anxiety and depression worsened as a result of Defendants' pressuring her to complete the training without the necessary equipment.

29. Plaintiff asked Joann Pitzano, the head of HR, what documentation she needed to submit in order to get approved to use the retrieval device in order to successfully complete the

course.

30. Ms. Pitzano told her not to bother as it would not be approved. Ms. Pitzano refused to engage in any interactive dialogue with Plaintiff as to how the employer could reasonably accommodate Plaintiff's serious psychological problem relating to dangerous confined spaces, and the anxiety and potential anxiety attacks (panic attacks) that would result if not reasonably accommodated.

31. Plaintiff contacted her doctor who wrote her a note stating that she needed a reasonable accommodation, which proposed accommodation was the utilization of a retrieval device.

32. The Defendant refused to accept or even consider this request, or to have any discussion regarding this or alternative possible accommodations.

33. Indeed, Defendant's Head of HR, Joann Pitzano, referred to the Plaintiff's physician as "a quack."

34. Ms. Pitzano continued thereafter to retaliate against Plaintiff for speaking up about the threatening working conditions and Plaintiff's need to be reasonably accommodated.

35. In or around June 19, 2022, Plaintiff was told to either to complete the training without the retrieval device or resign. Plaintiff did not believe it was safe for her to complete the training without the retrieval device, for the above referenced reasons and thus refused to work without the necessary personal protection equipment, the retrieval device.

36. Plaintiff's employment was thus terminated immediately.

37. Plaintiff was not allowed to work for the two weeks she requested after Defendant's demand that she resign.

38. Plaintiff has been discriminated and retaliated against because of her disability,

which disability discrimination was compounded by animus against Plaintiff motivated by her sex, in violation of the Americans with Disabilities Act of 1990, as amended by the ADAAA, and also Title VII of the Civil Rights Act of 1964, as well as parallel New York State laws.

**Plaintiff's years with Defendant Company**

39. For almost 15 years, Plaintiff had worked, without incident, for the Defendant.

40. During his entire time working for Defendant, Plaintiff was an exemplary employee who always performed her job well.

**Breach of Contractual Covenants of Duties of Good Faith and Fair Dealing**

41. Defendant breached implied covenants of good faith and fair dealing with the Plaintiff in regard to its actions against the Plaintiff.

**"Right to Sue" Letter**

42. Plaintiff has filed a timely charge of gender and disability discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC by letter dated May 4, 2023, a copy of which is attached hereto as Exhibit "1".

## FIRST CLAIM FOR RELIEF— DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA"), 42 U.S.C.A. § 12101 *et. seq.*

43. Plaintiff repeats and reiterates each of the allegations above as if fully repeated here at length.

44. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

45. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., enforceable under 28 U.S.C. § 1331 and 1343(4), protects individuals from employment

discrimination based upon physical or mental disability, or based upon being perceived as or having a record of such disability.

46. Plaintiff had one or more psychological disabilities known to Defendant—namely, Major Depression and Major Anxiety—which illnesses, separately and together, substantially limited one or more major life activities of Plaintiff, which was so perceived by Defendants, whom also had a record of such disabilities.

47. Plaintiff requested reasonable accommodation of her disabilities.

48. Defendant refused these accommodations and refused to engage in an interactive dialogue regarding Plaintiff's need for reasonable accommodation.

49. Plaintiff was damaged thereby.

**SECOND CLAIM FOR RELIEF—GENDER DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§ 2000e**

50. Plaintiff repeats and reiterates each of the allegations above as if fully repeated here at length.

51. Plaintiff is a woman who had excellent job performance yet discriminated against on the basis of her gender.

52. Defendant's justification for Plaintiff's termination was, upon information and belief, pretextual and a sham.

53. As a proximate result of defendants' actions, Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

54. As a further proximate result of defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

55. As a further proximate result of defendants' actions, Plaintiff has suffered and

continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

56. Plaintiff has been damaged thereby.

57. The conduct of defendants was wanton, outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF—
## SUPPLEMENTAL NEW YORK CIVIL RIGHTS' CLAIMS

58. Plaintiff repeats and realleges each of the allegations above as if fully repeated here at length.

59. Defendant's disparate treatment of Plaintiff on the basis of her gender and her disability, and the related reprisal, were in violation of the New York State Human Rights Law. See, N.Y.S. Exec. Law § 296 *et seq*.

60. Plaintiff was damaged thereby.

## FOURTH CLAIM FOR RELIEF—
## SUPPLEMENTAL NEW JERSEY LAW AGAINST DISCRIMINATION CLAIMS

61. Plaintiff repeats and realleges each of the allegations above as if fully repeated here at length.

62. Defendant's disparate treatment of Plaintiff on the basis of her gender and her disability, and its reprisal, were in violation of the New Jersey Law Against Discrimination, if Defendant asserts that New Jersey Law governs this case.

63. Plaintiff was damaged thereby.

## JURY DEMAND

Plaintiff requests trial by jury in this action.

WHEREFORE, Plaintiff prays that this Court grant judgment in Plaintiff's favor containing the following relief:

1. An award of Plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including back pay, and also an award of back pay and front pay compensating Plaintiff for loss of past and future salary and benefits;
2. An award of damages to be determined at trial to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;
3. An award of punitive damages;
4. An order enjoining defendant from engaging in the wrongful practices alleged herein and to reinstate Plaintiff's employment with Defendant;
5. An award of reasonable attorneys' fees and the costs of this action; and
6. Such other and further relief as this Court may deem just and proper.

Dated: Stony Point, New York
August 3, 2023

/S/

MICHAEL DIEDERICH, JR.
*Attorney for Plaintiff MD 2097*
Diederich Law Office
361 Route 210
Stony Point, NY 10980
(845) 942-0795
Mike@DiederichLaw.com

Vanessa Castellina, Esq.
*Of Counsel*

Attachment
Exhibit "1" – Right to Sue Letter

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Ms. Danielle Ficker**
**94 Pehle Avenue**
**SADDLE BROOK, NJ 07663**

From: **New York District Office**
**33 Whitehall St, 5th Floor**
**New York, NY 10004**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2022-05433** | **MADELINE MCGRATH, Investigator** | **929-506-5291** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):*** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that* ***backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
05/04/2023

**Timothy Riera**
**Acting District Director**

Enclosures(s)

cc: **Robert F Jensen**
**Veolia c/o Littler Mendelson, P.C.**
**2301 MCGEE ST STE 800**
**Kansas City, MO 64108**
**James M Terranova**
**Veolia North America**
**461 FROM RD STE 400**
**Paramus, NJ 07652**

Complaint Exh. "1"